UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY CARLSON,

        Plaintiff,

v.                                       Case No. 8:18-cv-295-T-DNF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## OPINION AND ORDER

Plaintiff, Tammy Carlson, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

    I. **Social Security Act Eligibility, Standard of Review, Procedural History, and ALJ's Findings**

        **A.**     **Social Security Act Eligibility**

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must

be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

B. **Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Sbpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to Claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

B. **Procedural History**

Plaintiff filed an application for SSI on October 19, 2012, alleging an onset of disability of March 1, 2012. (Tr. 293-300). Plaintiff subsequently amended her onset date to October 19, 2012. (Tr. 18). Plaintiff's claim was denied at the initial and reconsideration levels. (Tr. 157-62, 175-79). Plaintiff requested a hearing, and, on July 14, 2014, a hearing was held before Administrative Law Judge ("ALJ") Margaret Craig. (Tr. 59-99). On October 30, 2014, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 130-52). Consequently, Plaintiff timely requested review of the ALJ's decision, which the Appeals Council granted on May 23, 2016. (Tr. 153-56). A second hearing was held before the ALJ on August 15, 2016. (Tr. 38-58). On December 19, 2016, the ALJ issued a partially favorable decision. (Tr. 14-37). Plaintiff requested review of this decision, but the Appeals Council denied the request on December 18, 2017. Plaintiff initiated this action by Complaint (Doc. 1) on February 5, 2018.

C. **The ALJ's Findings**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 19, 2012, the alleged onset date. (Tr. 20). At step two, the ALJ found that Plaintiff had the following severe impairments: COPD; bilateral shoulder

impingement, status post arthroscopic surgeries; fibromyalgia; psoriatic arthritis; osteitis deformans; ankylosing vertebral hyperostosis; morbid obesity; mood disorder not otherwise specified; anxiety disorder not otherwise specified; and personality disorder not otherwise specified. (Tr. 20). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21).

Before proceeding to step four, the ALJ found that prior to October 1, 2015, the date Plaintiff became disabled, Plaintiff had the residual functional capacity ("RFC") to

> perform a limited range of light work as defined in 20 CFR 416.967(b); specifically, she can lift and/or carry 20 pounds occasionally and 10 pounds frequently, and she can stand and/or walk 6 hours out of an 8-hour workday and sit 6 hours out of an 8-hour workday. She should avoid concentrated exposure to wetness and humidity, pulmonary irritants and work in an air-conditioned environment and cannot reach overhead with the bilateral upper extremities. The claimant is limited to simple tasks with only occasional contact with co-workers, supervisors and the public in environments with little or gradual workplace changes.

(Tr. 22). The ALJ further found that after October 1, 2015, Plaintiff had the RFC to

> Perform a limited range of light work as defined in 20 CFR 416.967(b); specifically, she can lift and/or carry 20 pounds occasionally and 10 pounds frequently, and she can stand and/or walk 6 hours out of an 8-hour workday and sit 6 hours out of an 8-hour workday. She should avoid concentrated exposure to wetness and humidity, pulmonary irritants and work in an air-conditioned environment and cannot reach overhead with the bilateral upper extremities. The claimant is limited to simple tasks with only occasional contact with co-workers, supervisors and the public in environments with little or gradual workplace changes. Furthermore, she requires the use of portable oxygen.

(Tr. 26-27).

At step four, the ALJ determined that since October 19, 2012, Plaintiff has been unable to perform her past relevant work as a kitchen helper and fast food worker. (Tr. 27).

At step five, the ALJ determined that prior to October 1, 2015, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 28). Relying on the testimony of a vocational expert ("VE"), the ALJ found that prior to October 1, 2015, Plaintiff could perform the work requirements of such jobs as marker/pricer, mail clerk, and small products assembler. (Tr. 28). The ALJ found that beginning on October 1, 2015, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 29). The ALJ concluded that Plaintiff was not under a disability prior to October 1, 2015, but became disabled on that date and has continued to be disabled through the date of the decision, December 19, 2016. (Tr. 29-30).

II. **Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to comply with Social Security Ruling (SSR) 16-3p regarding Plaintiff's complaints pertaining to dermatitis. (Doc. 23 p. 5-7). Plaintiff argues that the ALJ failed to give proper consideration to Plaintiff's testimony that her dermatitis significantly limits the use of her hands because she had "massive breakouts" from blisters that caused her skin to break and bleed. (Doc. 23 p. 5-7). Plaintiff argues that the ALJ simply ignored Plaintiff's subjective symptoms and did not even implicitly reject the symptoms. (Doc. 23 p. 7).

In response, Plaintiff argues that the medical evidence reveals only sporadic complaints of symptoms related to dermatitis during the relevant period on or before October 1, 2015. (Doc. 23 p. 9). Further, Plaintiff argues that the ALJ fully accounted for Plaintiff's dermatitis by limiting her to work that was in an air-conditioned environment that did not involve concentrated exposure to wetness, humidity, and pulmonary irritants. (Doc. 23 p. 10).

According to the Eleventh Circuit:

> SSR 16-3p rescinded a previous Social Security ruling that concerned the credibility of a claimant. SSR 16-3p, 82 Fed. Reg. 49,462, 49,463 (Oct. 25, 2017). SSR 16-3p removed the use of the term "credibility" from its sub-regulatory policy because the Social Security Administration's (SSA) regulations did not use the term. *Id.* SSR 16-3p clarified that "subjective symptom evaluation is not an examination of an individual's character" and that a two-step evaluation process must be used. *Id.* Step one is to determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. *Id.* at 49,463-64. Step two is to evaluate the intensity and persistence of an individual's symptoms, such as pain, and determine the extent to which an individual's symptoms limit her ability to perform work-related activities. *Id.* at 49,464-66.

*Contreras-Zambrano v. Social Sec. Adm.*, 724 F. App'x 700, 702-03 (11th Cir. 2018). The ruling further provides with respect to the individual statements,

> an individual's statements may address the frequency and duration of the symptoms, the location of the symptoms, and the impact of the symptoms on the ability to perform daily activities. An individual's statements may also include activities that precipitate or aggravate the symptoms, medications and treatments used, and other methods used to alleviate the symptoms. We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and other evidence.

SSR 16-3p, 82 Fed. Reg. 49,462, 49,465 (Oct. 25, 2017).

At the administrative hearings, Plaintiff testified that her contact dermatitis causes her hands to blister and become so dry that opening and closing them causes them to split open and bleed. (Tr. 50). Plaintiff testified that when this occurs it is not possible for her to grasp or hold anything large or small. (Tr. 50). Plaintiff testified that since she first broke out with dermatitis in April of 2013, there has never been a time when she did not have blisters somewhere. (Tr. 80). Plaintiff's treatment records from April 19, 2013, through October 21, 2013, show that Plaintiff was treated for her skin conditions. (Tr. 806-16). Furthermore, records from October 24, 2013,

through June 23, 2014, continue to show that the claimant has had chronic problems with dermatitis, including involvement of her hands. (Tr. 1025-51). Medical records continue from October 2013, until July 8, 2015, from USF Morsani Center regarding the claimant's dermatitis condition. (Tr. 1139-48).

Despite Plaintiff's testimony as to her subjective symptoms caused by her dermatitis and the medical records showing Plaintiff's treatment for the condition, the ALJ provided only a cursory analysis of Plaintiff's dermatitis. The found that Plaintiff's contact dermatitis was not a severe impairment explaining that "[i]n terms of her skin impairments, while the record shows that while there are associated flare-ups due to her numerous allergies, it does not indicate that these would interfere more than minimally with her ability to perform basic work functions." (Tr. 21). The ALJ never addressed Plaintiff's testimony concerning her subjective symptoms of dermatitis or considered these subjective symptoms under the factors set forth in SSR 16-3p. The ALJ's failure to do so constituted reversible error.

The Court is unpersuaded by Defendant's argument that the ALJ did not err because the medical record provides substantial evidence to support the ALJ's determination that Plaintiff's statements were not entirely consistent with the medical evidence. Although Defendant points to medical records showing that Plaintiff's dermatitis did not limit Plaintiff more than found in the ALJ's RFC, this line of argumentation constitutes a post hoc rationalization upon which the Court will not rely. *See, e.g., Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (finding that a court will not affirm based on a post hoc rationale that might have supported the ALJ's conclusion). On remand, the shall re-evaluate Plaintiff's testimony concerning her subjective symptoms caused by contact dermatitis, consider this testimony in accordance with SSR 16-3p, and conduct any further proceedings as necessary.

**III) Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2019.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties